Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Reynaldo Molina Borrero<br><br>Peticionario | KLCE202400454 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.:<br>A IS2022G0005<br>A IS2022G0006<br>A IS2022G0007<br>A IS2022G0009<br><br>Sobre: 130.A CP Reclasificado a Art. 133.A CP |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos, el señor Reynaldo Molina Borrero (Sr. Molina Borrero o peticionario), quien presenta recurso de *Certiorari* en el que solicita que se le permita presentar una prueba que alegadamente demuestra su inocencia, consistente en un disco duro que fue presentado en la vista para determinar causa probable para arresto.

Luego de evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia del recurrido, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

denegamos el recurso mediante los fundamentos que expondremos a continuación.

## I.

El 30 de marzo de 2023, el Sr. Molina Borrero registró alegación de culpabilidad por el delito de actos lascivos.[1] Vista la confesión de culpabilidad realizada por el peticionario, el 7 de julio de 2023, el Tribunal de Primera Instancia dictó "Sentencia", y lo culpable por confesión del delito de actos lascivos. Así, le condenó al cumplimiento de una pena concurrente por 11 años y 3 meses de cárcel en los casos A IS2022G0005, A IS2022G0006 y A IS2022G0008, y consecutivos con cualquier otra pena que estuviese cumpliendo, si alguna. A su vez, se ordenó que fuese incluido en el Registro de Agresores Sexuales.[2]

Así las cosas, el 19 de abril de 2024, el Sr. Molina Borrero recurre ante este foro apelativo intermedio mediante auto de *Certiorari*, y solicita que se le permita presentar una prueba que alegadamente demuestra su inocencia, consistente en un disco duro que fue presentado en la vista para determinar causa probable para arresto.

## II.

El recurso de *Certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un mecanismo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos

---

[1] Véase, Art. 133 del Código Penal de Puerto Rico, 33 LPRA sec. 5194.
[2] Véase, Ley Núm. 266-2004, 4 LPRA sec. 536 *et seq.*

planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra,* no encontramos criterio alguno que nos mueva a expedir la petición presentada por el peticionario. Nada en el expediente apelativo demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen nos merece deferencia. En consecuencia, denegamos la expedición del recurso por entender que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra.*

### IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari* solicitado por el señor Reynaldo Molina Borrero.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones